IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AZALEA OUTDOOR, LLC, | * |
| Plaintiff, | * |
| v. | * |
|  | * CV 123-049 |
| COLUMBIA COUNTY, GEORGIA; WILL BUTLER, in his official capacity as County Planning Manager; and Columbia County Planning Commission, | * |
| Defendants. | * |

O R D E R

Before the Court are Plaintiff's motion to remand (Doc. 12) and Defendants' motion to dismiss (Doc. 4). For the following reasons, Plaintiff's motion is **GRANTED**. Based on these findings, the Court will not address the merits of Defendants' motion to dismiss.

I. BACKGROUND

Plaintiff "is a limited liability company that specializes in operating signs that are used by businesses, individuals, churches, charities, and public agencies to post commercial and noncommercial messages." (Doc. 1-2, at 11.) Plaintiff and a non-party entity entered an agreement "to post a new sign at a highly commercial site owned by the [non-party entity]," so Plaintiff

applied to Defendant Columbia County, Georgia for permission to do so. (Id. at 13.) Plaintiff's application was denied, and when Plaintiff appealed the denial to the Columbia County Planning Commission, they affirmed the denial. (Id. at 14-15.)

Dissatisfied with the Columbia County Planning Commission's decision, Plaintiff filed a petition for writ of certiorari in the Superior Court of Columbia County, Georgia pursuant to O.C.G.A. § 5-4-3. (Id. at 16.) In its petition, Plaintiff asserts various grounds of error, including an allegation Defendant Columbia County's sign ordinance is unconstitutional under the United States Constitution. (Id. at 17-25.) Plaintiff's petition also seeks damages, including those that might be awarded under 42 U.S.C. §§ 1983 and 1988. (Id. at 25-26.)

On April 21, 2023, Defendants removed Plaintiff's petition to this Court. (Doc. 1.) Defendants assert 28 U.S.C. § 1331 provides the Court subject-matter jurisdiction over the claims because Plaintiff's petition seeks damages under §§ 1983 and 1988 and alleges Defendant Columbia County's sign ordinance violates the First Amendment of the United States Constitution. (Id. at 1-2.) On May 26, 2023, Plaintiff filed a motion to remand to the Superior Court of Columbia County. (Doc. 12.) Plaintiff contends the Court lacks subject-matter jurisdiction because a petition for writ of certiorari "is a uniquely state remedy properly resolved in Georgia courts," and "the federal questions found in [Plaintiff]'s

2

petition are not the central focus of [Plaintiff]'s case." (Id. at 4 (quoting Hale Foundation, Inc. v. Augusta-Richmond Cnty., No. CV 121-018, 2021 WL 1845982, at *3 (S.D. Ga. Apr. 19, 2021)).) Therefore, Plaintiff argues, the Court should remand this case for the same reasons it remanded in Hale Foundation. (Id. at 4-5.) Defendants disagree and argue this case is different than Hale Foundation because, unlike the federal claims there, Plaintiff's federal claims are "substantial and can be outcome determinative." (Doc. 18, at 3.) Thus, Defendants argue remand would be improper. (Id. at 4-5.)

## II. DISCUSSION

The Court finds remand is appropriate here for the same reasons it decided Hale Foundation. There, the plaintiff applied to the Augusta-Richmond County Planning Commission for a special exception to a county zoning ordinance. Hale Foundation, 2021 WL 1845982, at *1. The Augusta-Richmond County Planning Commission denied the plaintiff's application, and the plaintiff filed a petition for writ of certiorari in the Superior Court of Richmond County, Georgia pursuant to O.C.G.A. § 5-4-3. Id. In its petition, the plaintiff "allege[d] violations of the Fifth and Fourteenth Amendments of the United States Constitution, as well as violations of the Fair Housing Act, Americans with Disabilities Act, and the Rehabilitation Act." Id. Because the plaintiff

3

asserted these violations of federal law, the defendants removed the petition to this Court based on federal-question jurisdiction. Id.

The Court concluded in Hale Foundation that it lacked subject-matter jurisdiction over the petition and remanded the case. Id. at *1, *3. The Court noted, "[i]n Georgia, O.C.G.A. § 5-4-3 is the mechanism by which a party before any 'inferior judicatory' — like a planning commission exercising a quasi-judicial power — dissatisfied with that body's decision may petition a Superior Court for review of the decision." Id. at *1 (citation omitted). The Court explained it "is not superior to state courts, but is rather a parallel institution. In this way, writs of certiorari, as they are authorized by Georgia law, seem to be of a different species than run of the mill state claims that could normally be heard by this Court." Id. at *3 (quoting Cheshire Bridge Holdings, LLC v. City of Atlanta, No. 1:15-CV-3148, 2018 WL 279288, at *7 n.68 (N.D. Ga. Jan. 3, 2018)). The Court also expressed skepticism about whether claims other than for certiorari could be properly raised in a petition, "given that the writ of certiorari is essentially an appeal mechanism, where raising new claims is generally improper." Id. at *3 n.3 (citations omitted). Thus, although the petition included alleged violations of federal law, the Court found such allegations "undergirding a petition for writ of certiorari do[] not necessarily establish federal question

4

jurisdiction." <u>Id.</u> at *3. For these reasons, the Court found the plaintiff's petition was "a uniquely state remedy properly resolved in Georgia's courts." <u>Id.</u> Accordingly, the Court concluded it "lack[ed] original jurisdiction over the federal claims and supplemental jurisdiction over the petition" and remanded the case to the Superior Court of Richmond County. <u>Id.</u>

The present case is almost identical to <u>Hale Foundation</u>. First, Plaintiff initiated this action by filing a petition for writ of certiorari in the Superior Court of Columbia County pursuant to O.C.G.A. § 5-4-3. (Doc. 1-2, at 11, 16). But, as the Court explained in <u>Hale Foundation</u>, this Court is not superior to the state courts; thus, it is at best unclear "whether this Court can even issue such a writ to a state organ like [Columbia County Planning Commission] in the exercise of supplemental jurisdiction." 2021 WL 1845982, at *3 (quoting <u>Cheshire Bridge Holdings</u>, 2018 WL 279288, at *7 n.68).

Second, Plaintiff's petition includes allegations of federal law. (Doc. 1-2, at 10-11, 15-16). But, as the Court concluded in <u>Hale Foundation</u>, these allegations do not alter the Court's conclusion it lacks subject-matter jurisdiction. 2021 WL 1845982, at *1, *3. The Court finds Plaintiff's federal law allegations do not provide the Court federal-question jurisdiction for two reasons. First, rather than asserting separate causes of action for each violation of federal law, the Court finds Plaintiff's

5

petition is "'merely requiring the reviewing court to interpret [federal law]' when determining whether [the Columbia County Planning Commission] committed error in handling . . . [P]laintiff's case." Hale Foundation, 2021 WL 1845982, at *2 (quoting Lockette, 2005 WL 1926578, at *3). Second, even if Plaintiff's petition asserts separate causes of action for each violation of federal law, Georgia case law suggests "that claims other than for certiorari are improperly raised in such a petition."[1] Id. at *3 n.3 (citing Lockette, 2005 WL 1926578, at *4; Riverdale Land Grp., LLC v. Clayton Cnty., 840 S.E.2d 132, 136 (Ga. Ct. App. 2020)). At best, this creates an uncertainty as to whether the Court has subject-matter jurisdiction over the claims in Plaintiff's petition. Because "all doubts about jurisdiction should be resolved in favor of remand to state court," the Court finds remand is appropriate. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

Defendants argue this case is different from Hale Foundation because the alleged violations of federal law in Plaintiff's petition are "substantial and can be outcome determinative." (Doc. 18, at 3.) But Plaintiff's claims are no more substantial or

---

[1] Defendants argue that, if the Court finds remand is appropriate, the Court, "in its order on remand, . . . should rule that it did so because Plaintiff's claims are improperly brought." (Doc. 24, at 2 (citations omitted).) However, the Court finds a determination as to the propriety of the allegations in Plaintiff's petition is best left to the Superior Court of Columbia County on remand.

6

outcome determinative than those in Hale Foundation. Like Hale Foundation, Plaintiff alleges the Columbia County Planning Commission's decision to deny Plaintiff's application violates the Constitution and other federal statutes. See 2021 WL 1845982, at *1; (Doc. 1-2, at 10-11, 15-16). Because the allegations in both the Hale Foundation petition and Plaintiff's petition assert similar violations of federal law, the Court is not convinced Plaintiff's allegations are somehow more substantial and outcome determinative than those in Hale Foundation. Accordingly, the Court concludes it lacks original jurisdiction over the federal claims and supplemental jurisdiction over the petition. Based on the foregoing, the Court finds this case shall be remanded to the Superior Court of Columbia County and, for this reason, will not address the merits of Defendants' motion to dismiss (Doc. 4).

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 12) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Columbia County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of December, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA